TO BE PUBLISHED

# Supreme Court of Kentucky

2018-SC-000595-KB

DATE 4/30/19 Kim Redmon, DC

INQUIRY COMMISSION                                                              MOVANT


V.                                    IN SUPREME COURT


ANDREW NICHOLAS CLOONEY                                          RESPONDENT


## OPINION AND ORDER

The Inquiry Commission petitions this Court to temporarily suspend Andrew Nicholas Clooney, a member of the Kentucky Bar Association (KBA), pursuant to Supreme Court Rule (SCR) 3.165(l)(a) and 3.165(1)(b), which permits temporary suspension if there is probable cause to believe that Clooney has been misappropriating or mishandling client funds, or that his conduct poses a threat of harm to his clients or the public. Clooney's KBA number is 84327 and his bar roster address is 2501 Preston Highway, Suite 101, Louisville, Kentucky 40217. An order to show cause was entered February 14, 2019. Clooney has not responded. Finding supporting evidence in the record, we believe that temporary suspension is warranted.

## BACKGROUND

In support of its petition, the Inquiry Commission has supplied four verified complaints filed by Clooney's former clients against Clooney and his firm, Clooney Law Office. The Inquiry Commission also attached a standard

complaint, for a total of five attached complaints, all representing civil actions filed in Jefferson Circuit Court. The Office of Bar Counsel (OBC) received bar complaints in the first three cases outlined below. The last two attached complaints were discovered by the OBC through a CourtNet search and were not reported by either the clients or the attorneys who filed the complaints.

## 1. Rodriguez Representation

Manuel Rodriguez, with others, retained Clooney in March 2017 to represent them in a personal injury case against an at-fault driver. After signing a contract for services, Rodriguez had minimal communication with Clooney. Most calls went unanswered, except once in April 2018 when someone at Clooney Law stated they were still working on the case. Unbeknownst to Rodriguez, his case was settled in December 2017 without permission. The verified complaint alleges that Clooney Law forged Rodriguez and other plaintiffs' signatures on the settlement releases and insurance company checks. Clooney deposited all the checks into his account. Rodriguez was never informed that the case had been settled, or that the insurance company had sent the checks to Clooney Law. The verified complaint alleges negligence, malpractice, breach of contract and fraud, among other things.

## 2. Lazo Representation

Jose Ricardo Martinez Lazo was injured in a motor vehicle accident in November 2016. A week after the accident, he retained Clooney Law to represent him in his personal injury claim. After signing a contract for

2

services, Lazo had minimal communication with Clooney Law. When Lazo attempted to contact Clooney, the calls went unanswered.

Lazo spoke to a member of Clooney Law in December 2016. Lazo was given a check for the property damage to his vehicle from a personal account. After this meeting, Lazo was never able to talk to anyone at Clooney Law, and the office was always closed. However, in November 2017, Lazo was in contact with Clooney Law and was told that "the case had stalled," but Clooney was still working on the case. However, Clooney Law had already settled Lazo's case in June 2017 for $25,000. Clooney Law forged Lazo's signature on the settlement release and deposited the check into Clooney's account. Lazo was never told that his case had been settled or that a check was issued by the insurance carrier. The verified complaint alleges negligence, malpractice, breach of contract and fraud, among other things.

### 3. Lopez Representation

Jairo Lopez was injured in a motor vehicle accident in September 2015 and soon after retained Clooney Law to represent him in the claim against the at-fault driver. After signing a contract for services, Lopez had minimal contact with Clooney Law. In December 2015, Lopez spoke with someone from Clooney Law, who stated that they would get back to him. The office door was always locked when Lopez tried to visit, and no one ever answered the phone.

When Lopez finally spoke with someone from Clooney Law in July 2016, they said they were still working on the case. Lopez continued trying to call the office for another year. Unbeknownst to Lopez, Clooney Law settled his case in

3

September 2016 for $50,000. Clooney Law forged Lopez's signature on the release and deposited the entire check into Clooney's account. Lopez was never informed that his case had been settled or that a check was issued by the insurance carrier. The verified complaint alleges negligence, malpractice, breach of contract and fraud, among other things.

### 4. Orantes Representation

In September 2015 Flor Orantes and others were injured in a motor vehicle accident. Shortly thereafter, they retained Clooney to represent them in their personal injury action. Orantes made several attempts to contact Clooney, but the calls went unanswered and messages went unreturned. Orantes was never given information about the case and, as of February 2018, she has not seen or spoken to Clooney since signing the contingency fee contract.

Orantes discovered, from her insurance company, that all her claims were settled for a total of $11,000 by Clooney in September 2017. After learning of the unauthorized settlement, the at-fault driver's insurance company produced copies of signed checks that the company believed Orantes signed. The company also produced copies of settlement releases that appeared to be signed by Orantes. Orantes had no knowledge of the settlement releases, never agreed to the releases, and never signed them. The verified complaint alleges negligence, malpractice, breach of contract and fraud, among other things.

4

## 5. Hyde Representation

The Commission also attached a civil complaint filed by Eric Hyde against Clooney. This complaint is not verified, and the Commission stated that it was discovered as a result of a CourtNet search. The allegations against Clooney are factually similar to the above cases.

This Court has reviewed the uncontroverted allegations of the Inquiry Commission and agrees that probable cause exists to believe that Clooney has been misappropriating funds or otherwise improperly dealing with client funds, and that probable cause exists to believe that Clooney poses a risk to his clients or the public. Clooney has not responded to either the petition or the order directing him to show cause. Consequently, the Commission's petition for temporary suspension is granted.

Accordingly, it is hereby ORDERED:

1. Andrew Nicholas Clooney is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this Opinion and Order, pending further orders from this Court;

2. Disciplinary proceedings against Clooney shall be initiated by the Commission pursuant to SCR 3.160, unless already begun or unless Clooney resigns under terms of disbarment;

3. Pursuant to SCR 3.165(5), Clooney shall, within twenty (20) days from the date of entry of this Opinion and Order, notify all clients in writing of his inability to provide further legal services and furnish the Office of Bar Counsel with copies of all such letters;

5

4. Pursuant to SCR 3.165(6), Clooney shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: April 18, 2019.

CHIEF JUSTICE